FILED US Bankruptcy Court-UT
AUG 20 2019 PM 2:19

Marilyn R. Monson
11041 North 5370 West
Highland, Utah 84003
*Pro Se Debtor*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| In re: | Case No. 19-24954 |
|---|---|
| MARILYN R. MONSON | Chapter 13 |
| Debtor | Judge: R. KIMBALL MOSIER |

### DEBTOR'S RESPONSE TO DITECH FINANCIAL LLC'S "REPLY TO DEBTOR'S OBJECTION TO MOTION FOR RELIEF FROM STAY AND FOR IN REM RELIEF" (DOCKET ENTRY 13)

Debtor Marilyn R. Monson hereby responds to Ditech Financial LLC's ("Ditech") "REPLY TO DEBTOR'S OBJECTION TO MOTION FOR RELIEF FROM STAY AND FOR IN REM RELIEF" (Entered as Docket Entry 13).

### ARGUMENT

**A.  DITECH HAS INTENTIONALLY TRIED TO MISLEAD THE BANKRUPTCY COURT BY MISREPRESENTING THE CHANGES MADE BY BAPCPA AND ASKING FOR AN ORDER THE COURT HAS NO AUTHORITY TO ISSUE**

Bankruptcy Rule 7001 is unambiguous in stating that that an injunction or other equitable relief be obtained by way of an adversary proceeding or plan confirmation, [399 B.R. 904] rather than by way of a "contested matter" motion. Fed. R. Bankr.P. 7001(7).

1

A motion for relief from the 11 USC § 362 automatic stay is a Rule 9014 contested matter. See Fed. R. Bankr.P. 4001(a)(1). It is settled that a Rule 9014 motion cannot be used to circumvent the requirement of an adversary proceeding. (See Golden Plan, 829 F.2d at 711-12; Loloee, 241 B.R. at 660-62. January 23, 2009). Debtor asks the Court and Ditech to take notice this case is dated after BAPCPA took effect.

Debtor is aware of and acknowledges the fact that a Bankruptcy Court can enter a bar against the Debtor's refiling a bankruptcy concerning the same property on a simple motion as Ditech filed, but that is not what Ditech is asking for. Ditech is asking for an *in-rem* order against non-parties. Bankruptcy courts have made it clear that to bar non-parties with *in rem* relief there must be an adversary proceeding. (See In re Roben, at 847). (294 B.R. 840, 846) (Bankr. E.D. Ark. 2003). In the Roben case, the Bankruptcy Court opined:

> "Federal Rule of Bankruptcy Procedure 7001(7) states that, subject to exceptions not relevant in this case, a proceeding to obtain an injunction or equitable relief constitutes an adversary proceeding."

In addition to the Roben case, in the case of Bryon George Van Ness, a California bankruptcy court confirmed the findings of the Roben case. The California bankruptcy court ruled an *in rem* order for relief against all parties is indeed extraordinary relief without due process and is against the bankruptcy rules as Ditech has filed it. The ruling came in 2009, four years after the BAPCPA change (See In Re Van Ness, 399 B.R. 897 (Bankr. E.D. Cal. 2009). The time period of the ruling refutes Ditech's claims that case law supporting Debtor's position only exists pre-BAPCPA.

Ditech is intentionally circumventing the bankruptcy rules and intentionally ignoring well established case law from across the country by filing a simple motion for *in rem* relief to circumvent the requirement for an adversary proceeding in this type of action. It cannot be

2

overemphasized that there is no case law whatsoever supporting Ditech's improper motion. Ditech had a chance to brief the Court with any case law in its Reply, but as no case law exists Ditech could not cite any cases.

Debtor acknowledges and respects the Bankruptcy court's broad equitable powers. Additionally, Debtor acknowledges an *in rem* order could be issued if an adversary complaint were filed.

However, Ditech has motioned for the Court to exceed its authority. In the case of Law v. Siegel, U.S, 134 S.Ct. 1188 (2014) the United States Supreme Court, in a unanimous decision, reversed the Ninth Circuit and held that the bankruptcy court exceeded its authority when it imposed the surcharge on Law's homestead exemption. The Court began its analysis by noting the bankruptcy court's statutory authority, pursuant to section 105(a) of the Code, to, "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Code. The Court added that a bankruptcy court, "may also possess inherent power ... to sanction 'abusive litigation practices.'" But, the Court noted, "in exercising those statutory and inherent powers, a bankruptcy court may not contravene specific statutory provisions."

Debtor therefore asserts that Ditech is asking the Court to contravene FRBP 7001(7), a specific statutory provision.

## B. IN BAD FAITH, DITECH FURTHER MISLEADS THE COURT IN ITS REPLY TO DEBTOR'S OBJECTION.

### 1. Ditech made false statements to the Court about what BAPCPA changed in the title 11 bankruptcy code.

In its reply, Ditech stated:

3

> BAPCPA amended and overhauled many parts of the bankruptcy code, and specifically addressed in rem relief in 11 U.S.C.A. 362(d)(4). Congress expressly authorized this mechanism in cases when a moving party is able to demonstrate sufficient cause.

This statement is simply false. Where did congress expressly authorize that the change to 11 USC 362 created a new mechanism that overrules FRBP 7001? The answer is absolutely nowhere. Such an argument is a false statement, made in bad faith, and simply lacks all logic and common sense.

### 2. Ditech's red herring arguments are invalid and fail as a matter of law

Because Ditech lacks any case law and statutes to support its motion for *in rem* relief, it decided to use a strategy of red herring deception to obfuscate the fact it has no case law and statutes to support its motion for *in rem* relief.

Ditech stated:
> Ditech contends that the number of bankruptcy petition filed by both Debtor and borrower, as well as the timing of these petitions to stop scheduled foreclosure sales is sufficient cause in and of itself to warrant an *in-rem* order.

Ditech might as well contend that humans are currently living on Mars as a basis for its request for *in rem* relief because the number of petitions filed and the timing have about as much to do with the valid legal process required by 7001(7) as humans living on Mars does. The number of petitions filed and timing have nothing to do with a valid legal process that follows the Federal Rules of Bankruptcy Procedure, which as Debtor has stated over and over again requires an adversary action in this type of situation.

Ditech has sought relief in its motion that can be entertained only by way of adversary proceeding. Ditech claims a case Debtor cited was pre 2005 and thus the case law is moot. Ditech's assertion of moot case law is a red herring to deceive this court. The case law is not moot because FRBP 7001(7) didn't change with the BAPCPA amendments. Furthermore,

4

Ditech can't find any case law whatsoever supporting its position. Debtor cited persuasive case law from 2009, which Ditech conveniently overlooked in filing its reply to Debtor's objection.

To be clear and to ensure there is no misunderstanding, the 2005 BAPCPA amendments did NOT alter the rules of FRBP 7001(7).

Federal Rule of Bankruptcy Procedure 7001(7) states that, subject to exceptions not relevant in this case, a proceeding to obtain an injunction or equitable relief constitutes an adversary proceeding.

Debtor made comments in her objection concerning a 2009 (post BAPCPA case) Van Ness, 399 B.R. 897 (Bankr. E.D. Cal. 2009) Incredulously, Ditech references this comment by Debtor and then refers to a 2003 case discussed by Debtor elsewhere in the objection with an argument that pre BAPCPA cases don't apply. Twisting up and misrepresenting Debtor's arguments is highly improper.

It is Ditech's argument that somehow the change to code 11 USC 362 allows a simple motion to replace an adversary proceeding as required by 7001(7). How does anyone come up with such an absurd argument not based in logic? Section 362 defines what relief is available from the automatic stay. It never has defined how the relief is obtained.

Federal Rule of Bankruptcy Procedure 7001 is clearly explained in black and white:

> (7) a proceeding to obtain an injunction or other equitable relief, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for the relief;

> To clear up any confusion, we must ask two questions. What is an injunction and is an in rem order an injunction? Pursuant to Black's law dictionary, an injunction is defined as follows:

5

> A prohibitive writ issued by a court of equity, at the suit of a party complainant, directed to a party defendant in the action, or to a party made a defendant for that purpose, forbidding the latter to do some act, or to permit his servants or agents to do some act, which he is threatening or attempting to commit, or restraining him in the continuance thereof, such act being unjust and inequitable, injurious to the plaintiff, and not such as can be adequately redressed by an action fit law. U. S. v. Haggerty (C. C.) 116 Fed. 515; Du- pre v. Anderson. 45 La. Ann. 1134, 13 South. 743; City of Alma v. Loehr, 42 Kan. 368, 22 Pac. 424. An injunction is a writ or order requiring a person to refrain from a particular act. It may be granted by the court in which the action is brought, or by a judge thereof, and when made by a judge it may be enforced as an order of the court. Code Civ. Proc. Cal

Is an in rem order an injunction? Indeed it is as defined by the definition above.

And even if an in rem order were not an injunction it is still equitable relief. Either way, an adversary action is required.

Ditech completely misunderstands and has misrepresented the relationship between 11 USC 362(d) and Federal Rules of Bankruptcy Procedure 7001 to the Court.


### 3.    11 USC 362(d) gives a creditor the legal right to seek in rem relief from the bankruptcy court, but FRBP 7001(7) defines the mechanism for doing so.

When 11 USC 362(d) says "on request of a party in interest" the word "request" means adversary proceeding. It does not mean a simple motion as Ditech claims it does.

Ditech is mispresenting that 11 USC 362 somehow now gives it the right to file a simple motion for in rem relief post BAPCPA when such a right has never existed in the bankruptcy code pre-BAPCA or post-BAPCPA. The BAPCPA changes to title 11 give no such right. BAPCPA did NOT modify 7001(7) to allow requests for in rem relief to be made with a simple motion. Such an argument is patently absurd and the Federal Rule of Bankruptcy Procedure 7001(7) states that, subject to exceptions not relevant in this case, a proceeding to obtain an injunction or equitable relief constitutes an adversary proceeding.

## C. DEBTOR AND BORROWER HAVE OFFERED TO START MAKING PAYMENTS AGAIN BUT DITECH WON'T LET THEM

Debtor and borrower want a loan modification. Debtor and borrower want to pay this loan in full. Ditech won't let them. This entire discussion should be moot, but Ditech's answer to Debtor's offer to pay the loan in full is to present red herrings to mislead the court into improperly releasing Ditech from the automatic stay with *in rem* relief. Debtor and borrower will make a payment immediately upon Ditech's agreement to accept payments again.

## D. THE COURT SHOULD ISSUE A RULING BASED ON PLEADINGS FILED WITH THE COURT AND NOT ON ORAL ARGUMENTS

Debtor Monson is physically disabled and unable to walk. Debtor has nearly died from two failed hip surgeries. Accordingly, due to her very limited mobility she won't be able to attend the hearing on this motion. However, any necessary and pertinent arguments have already been presented in writing. The court should issue a ruling based on the pleadings filed and not on any arguments made at the hearing.

## SUMMARY

For the reasons set forth herein, Ditech's Motion for relief from stay with *in rem* relief violates the Federal Rules of Bankruptcy Procedure and Ditech's reply brief contains nothing of substance. Ditech's reply brief simply contains red herrings to deceive and mislead the court with invalid arguments. Debtor has not engaged in any wrongdoing. Debtor and borrower seek a loan modification and want to pay the loan balance in full. A request for *in rem* relief against a non-party to the bankruptcy requires an adversary proceeding as discussed herein. The

changes made by BAPCPA to 11 USC 362 did not alter the requirements of FRBP 7001(7). If Ditech desires *in rem* relief against non-parties as it requested in its motion, it needs to file an adversary action.

Dated this 20th day of August, 2019.

*Marilyn R Monson*
Marilyn R. Monson
*Pro Se Debtor*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies a true and correct copy of the foregoing was served on this 20th day of August, 2019 on the following parties by USPS first class mail:

Lon Jenkins
Chapter 13 Trustee
405 Main St #600
Salt Lake City, UT 84111

United States Trustee
405 Main St #300
Salt Lake City, UT 84111

Brian J. Porter
HALLIDAY, WATKINS & MANN, P.C.
Attorney for Ditech
376 East 400 South, Suite 300
Salt Lake City, UT 84111

Dated this 20th day of August, 2019.

Marilyn R. Monson
*Pro Se Debtor*