Brian J. Porter, Bar Number 14291
Armand J. Howell, Bar Number 10029
Benjamin J. Mann, Bar Number 12588
HALLIDAY, WATKINS & MANN, P.C.
Attorneys for Ditech Financial, LLC
376 East 400 South, Suite 300
Salt Lake City, UT 84111
Telephone:  801-355-2886
Fax:  801-328-9714
Email: brian@hwmlawfirm.com
File No: 52911

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF UTAH
# CENTRAL DIVISION

| In re:<br><br>MARILYN R MONSON<br><br>Debtor. | Bankruptcy Case No. 19-24954<br>Chapter 13<br>**REPLY TO DEBTOR'S MOTION TO REINSTATE AUTOMATIC STAY** |
|---|---|

Ditech Financial, LLC. ("Ditech"), hereby replies to Debtor's objection and supplements its Motion for Relief from the Automatic Stay and for In Rem Relief as follows:

1. The Debtor filed an emergency motion to reinstate the automatic stay on October 16, 2019.

2. The Motion references the court's previously entered order terminating the stay and granting in rem relief in respect to real property located at 11041 North 5730 West, Highland, Utah 84003, more particularly described as:

> Lot 10, Plat "A", Castle Glen Estates, according to the Official Plat thereof as recorded in the office of the Utah State County Recorder, State of Utah; U.S. Bankruptcy Judge R. KIMBALL MOSIER Dated: September 4, 2019 This order is SIGNED. Case 19-24954 Doc 23 Filed 09/04/19 Entered 09/04/19 13:24:12 Desc Main Document Page 1 of 4 TAX ID: 36-049-0010

3. The Court's order, entered September 4, 2019, specified that the stay with respect to this property was terminated as of September 4, 2019, and that the order, upon recordation, would be binding for a two-year period should any other case purpose to affect this real property. This order was recorded

with the Utah County Recorder's Office on September 4, 2019, as entry No. 86287: 2019.

    4. Debtor now seeks to vacate this relief order, or reinstate the stay. Ditech contends that the Debtor does not have standing to reinstate the stay. The Debtor is not a borrower under the Note or party to the Deed of Trust. The Debtor appears to have filed this bankruptcy simply because borrower Gary Monson would not have been able to stop Ditech from taking this property to sale, as he would not have had the benefit of the automatic stay should he have filed this case.

    5. Further, the Debtor has failed to establish grounds for relief from the previously entered order. Debtor's request to reinstate the stay appears to be a request to vacate a previously entered order. Such requests are governed by Fed. R. Civ. Pro. 60(b), which states a court may relieve a party from an order for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under [Rule 59(b)](#);

    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4) the judgment is void;

    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6) any other reason that justifies relief.

    6. Here, the Debtor has failed to establish cause for relief under Rule 60(b). The order was not entered by mistake or without Debtor's knowledge. The Debtor offered no evidence at a hearing on September 4, 2019, and was not in attendance. Ditech has not engaged in fraud or misconduct, and cause presently exists for the stay to be lifted as to Ditech.

    7. As outlined in the original Motion, and confirmed by the Court's Order, Debtor and borrower have filed multiple bankruptcies over a period of years as part of a scheme to delay, hinder, and/or defraud Ditech. Thus, the Debtor's request should be denied pursuant to 11 U.S.C.A. 362(d)(4) as both

Debtor and borrower have filed multiple times to stop state court action, which is sufficient grounds for termination of the bankruptcy stay even if the Debtor is now attempting to cure deficiencies in her case and pay Ditech.

DATED this 16th day of October            /s/ Brian J. Porter
                                          Brian J. Porter
                                          Attorney for Ditech Financial, LLC

## MAILING CERTIFICATE

The undersigned hereby certifies that true and correct copies of the Reply to Motion to Reinstate Stay mailed by first class mail, postage prepaid, or via ECF, this 16th day of October, 2019, to each of the following:

| | |
|---|---|
| Marilyn Monson | Lon Jenkins |
| 11041 North 5730 West, | Via ECF |
| Highland, Utah 84003 | Chapter 13 Trustee |
| Debtor/Borrower | |
| Via Email | United States Trustee |
| | Via ECF |
| Garry Lynn Monson | |
| 11041 North 5730 West | |
| Highland, Utah 84003 | |
| Co-Debtor/Borrower | |

                                          /s/ Brian J. Porter