Armand J. Howell, Bar Number 10029
Benjamin J. Mann, Bar Number 12588
Brian J. Porter, Bar Number 14291
HALLIDAY, WATKINS & MANN, P.C.
Attorneys for Ditech Financial LLC f/k/a Green Tree Servicing LLC
376 East 400 South, Suite 300
Salt Lake City, UT 84111
Telephone: 801-355-2886
Fax: 801-328-9714
Email: brian@hwmlawfirm.com
File No: 52911

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF UTAH
# CENTRAL DIVISION

| | |
|---|---|
| In re: <br><br> MARILYN R MONSON <br><br> Debtor. | Bankruptcy Case No. 19-24954 RKM <br><br> Chapter 13 <br><br> **OBJECTION TO PLAN AND MAILING CERTIFICATE** <br><br> [Filed Electronically] |

Ditech Financial LLC f/k/a Green Tree Servicing LLC, (referred to herein as "Secured Creditor") holds a valid Note and lien against Debtor's residence and objects to the Chapter 13 Plan of Debtor as follows:

1.  The plan references secured debt in respect to real property located at 11041 North 5730 West, Highland, Utah 84003 (the "Property"). Debtor is not the borrower under the Note, nor party to the Deed of Trust. The responsible party for this secured debt is not Debtor, but rather Gary Lynn Monson ("Borrower") who is the sole signatory of the Note and Deed of Trust. Allowing the non-borrower Debtor to pay the arrearage on the Note and Deed of Trust would be

an impermissible modification of the rights of Secured Creditor. Under 11 U.S.C. 1322(b)(2), a plan may not modify the rights of the holder of secured claim which is secured only by Debtor's primary residence.

1. Debtor did not timely file her Statements, Schedules and Chapter 13 Plan. Thus, by the time Secured Creditor received the required bankruptcy documents indicating that Debtor was attempting to pay the debt through this bankruptcy, the Order Granting Motion for Relief from Stay had been signed and Secured Creditor believed it was free to pursue foreclosure action against the Property.

2. Secured Creditor did not believe it appropriate to file a Proof of Claim; therefore, no claim was filed. Instead, Secured Creditor sought relief from stay to pursue foreclosure action against the Property. On September 4, 2019 the Court entered an Order Granting Secured Creditor's Motion for Relief from Stay. Secured Creditor was content with the knowledge that it could pursue foreclosure action against the Property, had not received Statements, Schedules or a Chapter 13 Plan from Debtor, and did not believe that the filing of a Proof of Claim was appropriate. Unfortunately, over a month later, after the claims bar date had passed, Debtor filed an emergency Motion to Reinstate the Stay which the Court granted. The 341 meeting has not yet been held having been rescheduled to October 25, 2019. The claims bar date was not extended.

3. The petition seems to have been filed in bad faith. Debtor appears to have filed this bankruptcy simply because Borrower would not have had the benefit of the stay should he have filed another case. Debtor and Borrower have filed multiple bankruptcies over a period of years, each time to stop state court actions, as part of a scheme to delay, hider, and/or defraud Secured Creditor. At present the loan is currently due for July, 2010 and all subsequent payments.

4. The plan does not give Secured Creditor the authority to accept payments from Debtor as Debtor is not obligated on the Note or Deed of Trust.

5. As of July 29, 2019, the principal balance was $239,244.80 which is greater than the amount listed in the plan. The plan only provides for a pre-petition arrearage amount of $201,969.12. This arrearage payment from the Trustee would account for the vast majority of the Debtor's monthly plan payment of $4,340.00. While this plan payment may appear feasible, Secured Creditor contends that the Debtor does not have sufficient income to pay the Trustee at least $4,340.00 per month, in addition to ongoing post-petition mortgage payments to Secured Creditor

6. The plan should provide for regular payments consistent with the current payment amount outside the plan for the non-arrearage portion of Secured Creditor's claim.

7. The plan should provide that Secured Creditor's trust deed lien and other loan terms remain in effect and are not modified except as expressly provided in the plan.

DATED this 23rd day of October 2019.

    /s/ Brian J. Porter
Brian J. Porter
Attorney for Ditech Financial LLC f/k/a Green Tree Servicing LLC

## MAILING CERTIFICATE

The undersigned hereby certifies that true and correct copies of the foregoing Objection to Plan and Mailing Certificate were mailed by first class mail, postage prepaid, this 23rd day of October 2019, to each of the following:

Marilyn R Monson
11041 North 5730 West
Highland, UT 84003
Debtor

Pro Se
Via ECF
Debtors' Attorney

Lon Jenkins
Via ECF
Chapter 13 Trustee

/s/ Brian J. Porter