Lon A. Jenkins (4060)
Tami Gadd-Willardson (12517)
MaryAnn Bride (13146)
Katherine T. Kang (14457)
OFFICE OF THE CHAPTER 13 TRUSTEE
405 South Main Street, Suite 600
Salt Lake City, Utah  84111
Telephone: (801) 596-2884
Facsimile: (801) 596-2898
Email: utahtrusteemail@ch13ut.org

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| **IN RE:** | **CASE: 19-24954** |
| MARILYN R MONSON | **CHAPTER 13** |
| **Debtor** | **Hon. R. KIMBALL MOSIER** |
| | Confirmation Hearing: 11/19/19  10:00 am |

**TRUSTEE'S OBJECTION TO CONFIRMATION AND RECOMMENDATION OF DISMISSAL UNDER 1307(c) IF UNABLE TO RESOLVE**

Lon A. Jenkins, Chapter 13 Trustee, hereby objects to confirmation of the Debtor's plan and in support thereof represents as follows:

   1. The Debtor filed a Chapter 13 petition for relief on July 08, 2019 and the First Meeting of Creditors under section 341 was continued and held on October 25, 2019.

   2. The Trustee has filed a Motion to Dismiss in this case. Pursuant to Local Rule 2083-1(g), you must file an objection to this with the bankruptcy court within 21 days after service of the motion, or the bankruptcy court clerk must enter an order dismissing the case.  Unless otherwise directed by the court, this motion will be heard at the confirmation hearing.

   3. The Debtor has failed to list on Schedule J a monthly expense for utilities.

4. The Debtor failed to provide at the 341 Meeting a copy of the 2019 county property tax assessment for the real property listed on Schedule A/B (see Local Rule 2083-1(e)(1)B)).

5. The Debtor lists on Schedule J an expense for health insurance of $260 and an auto payment of $564.52. The Debtor should either substantiate this expense with admissible, documentary evidence, or remove it from Schedule J.

6. The Trustee is unable to verify the following income listed on the Schedule I: social security income. The amounts listed on Schedule I do not correspond with the amounts directly deposited into Debtor's financial account.

7. The Debtor has not filed an itemized, separate budget disclosing the income and expenses related to the operation of a business, as required by Fed. R. Bankr. P. 1007(b)(1).

8. The Debtor failed to provide the Trustee with a business questionnaire for a business operated during the sixty (60) days prior to the petition date (see Local Rule 2083-1(e)(1)(D)). The Debtor(s) must provide copies of all documents requested in the business questionnaire, including but not limited to: bank statements for all accounts month prior, month of and month after petition, business license, insurance policies held by the business, business taxes (either form 1120 or Schedule C of the individual return), asset and liability sheet (including date of purchase and purchase price) and balance sheet.

9. The plan was not served on all parties-in-interest as required by Fed R. Bankr. P. 2002(a) and 3015(d).

10. The Chapter 13 plan does not comply with §§ 1322(b) and 1325(a)(5) in that it does not provide for the following secured claims: Capital One Auto Finance (Claim No. 1).

11. The Debtor failed to provide the Trustee with Profit and Loss statements for all self-employment income earned during the sixty (60) days prior to the petition date (see Local Rule 2083-1(e)(1)(C)).

12. The Trustee requests that the Debtor provide the six (6) months of bank statements for the six (6) months ending on the last day of the calendar month immediately preceding the date of the commencement of the case.

13. The Debtor failed to file a *Declaration of Filed Tax Returns* as required by Local Rule 6070-1(c)(3).

14. The Debtor failed to produce at the 341 Meeting statements from their financial accounts [Alpine Credit Union, savings] for the period that covers the petition date (see Fed. R. Bankr. P. 4002(b)(2)(A)).

15. Schedule A/B fails to accurately state the balance on hand as of the petition date in the financial account with Bank of American Fork.

16. It appears that the amount of debt owed to Ditech Financial on Schedule D may be inaccurate.

17. The Debtor has requested treatment of income tax refunds in Part 2.3 in a manner not consistent with policies in this district. The Debtor should propose treatment of tax refunds in manner that complies with 11 U.S.C. 1325(b) and case law pursuant to In re Skougard. 438 B.R. 738 (Bankr. D. Utah 2010).

18. Part 3.1 of the Plan fails to include the current installment payment as listed on Schedule J. Further, creditor is not entitled to interest on pre-petition mortgage arrearages.

19. The Plan fails to include a required non-standard provision in Part 8.1. See Local Rule 2083-2(f). The Plan fails to include language: The Local Rules of Practice of the United States Bankruptcy Court for the District of Utah are incorporated by reference in the Plan.

20. The Trustee objects to the Plan because it fails to clearly state the proposed return to non-priority unsecured creditors under Part 5.1. Trustee notes that the hanging paragraph of 5.1 requires a return of $186,769.00 to nonpriority unsecured creditors, which creates a feasibility issue.

WHEREFORE, the Trustee objects to confirmation of the Debtor's plan. If the Debtor is unable to resolve the objection by the confirmation hearing, the Trustee will move to dismiss or convert the case.

Dated: October 29, 2019                            Tami Gadd-Willardson
                                                   Attorney for Chapter 13 Trustee

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Objection to Confirmation was served on the following parties on October 29, 2019:

MARILYN R MONSON, 11041 NORTH 5730 WEST, HIGHLAND, UT  84003

                                                   /s/ Michelle Moses