Lon A. Jenkins (4060)
Tami Gadd-Willardson (12517)
MaryAnn Bride (13146)
Katherine T. Kang (14457)
OFFICE OF THE CHAPTER 13 TRUSTEE
405 South Main Street, Suite 600
Salt Lake City, Utah 84111
Telephone: (801) 596-2884
Facsimile: (801) 596-2898
Email: utahtrusteemail@ch13ut.org

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| In re:<br><br>    MARILYN R. MONSON<br><br>Debtor. | Case No. 19-24954<br><br>Chapter 13<br><br>Hon. R. Kimball Mosier |
|---|---|

### TRUSTEE'S MOTION TO DISMISS UNDER § 1307(c)

LON A. JENKINS, Standing Chapter 13 Trustee, hereby moves this Court for entry of an Order dismissing the above-entitled case under § 1325(a)(6). In support thereof the Trustee represents as follows:

1.  The Debtor filed chapter 13 relief on July 8, 2019.

2.  The Chapter 13 Plan is not confirmed.

3.  Pursuant to the terms of the Debtor's Chapter 13 Plan, the Debtor is required to make payments of 4,340 on or before the 25th day of each month to return a pot of $186,769 to nonpriority unsecured claims.

4.  The Trustee has been seeking the following documents to resolve the objection to confirmation

    a. Amended budget to address:

        i. Social Security deposit does not match Schedule I

        ii. No verification of the business income

        iii. Verification of health insurance or remove from Schedule J

    iv. Verification of automobile payment or remove from Schedule J

    v. Include payment for utilities

  b. 2019 property tax assessment

  c. Business questionnaire, business budget, and profit and loss statements for the three businesses operating

  d. Serve the plan on the court's three column matrix

  e. Plan issues:

    i. No treatment of Capital One Auto Finance – claim one

    ii. Does not include the standard provisions as required by the Local Rule 2083-2

    iii. Plan not feasible with the proposed pot of $186,769

    iv. Does not treat tax refund in manner consistent with policies in the district

    v. Plan includes interest on the mortgage arrears which does not appear to comply with 1322(e) – the Debtor should provide the note

    vi. Ditech objection to confirmation indicating that the Debtor is not an obligor on the Note or Deed of Trust and does not consent to treatment under the plan.

  f. Six months of bank statements

  g. Failure to file the declaration of tax returns

5. The Trustee moves for dismissal the delay in prosecuting the case and providing the requested documents is an unreasonable delay that is prejudicial to creditors.

6. The confirmation hearing is continued to January 9, 2020 at 10:00. If the Debtor is unable to prosecute the chapter 13 case by resolving document turnover and proposing a feasible plan that satisfies 1325(a)(6) by the hearing date, the Trustee requests the case be dismissed.

THEREFORE, based on the foregoing, the Trustee moves the Court for the entry of an Order dismissing this case under 11 U.S.C. § 1307.

DATED: November 21, 2019.

        /s/ Tami Gadd-Willardson
        TAMI GADD-WILLARDSON
        Attorney for Chapter 13 Trustee

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 21, 2019, a true and correct copy of the foregoing paper was served electronically via CM/ECF to the persons listed below.

ARMAND HOWELL
ECF NOTIFICATION

The undersigned hereby certifies that on November 21, 2019, a true and correct copy of the foregoing paper was addressed to the following persons and deposited in the U.S. Mail, first-class postage prepaid.

MARILYN R MONSON
11041 NORTH 5730 WEST
HIGHLAND UT 84003

/s/ tlg
Office Chapter 13 Trustee