Marilyn R. Monson
11041 North 5370 West
Highland, Utah 84003
*Pro Se Debtor*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| In re: | Case No.  19-24954 |
|---|---|
| MARILYN R. MONSON | Chapter 13 |
| Debtor | Judge: R. KIMBALL MOSIER |

## DEBTOR'S MOTION TO CONTINUE CHAPTER 13 CONFIRMATION HEARING

Pro Se Debtor Marilyn R. Monson moves the Court for an Order to Continue her Chapter 13 Confirmation Hearing in her Chapter 13 bankruptcy case.

In support of Debtor's motion, Debtor states as follows:

1. Debtor filed her Chapter 13 bankruptcy petition on July 8, 2019.
2. The Chapter 13 filing fee has been paid.
3. All Chapter 13 bankruptcy schedules, the statement of financial affairs, the Chapter 13 plan and other miscellaneous bankruptcy documents have been filed.
4. Debtor complied with the 11 U.S.C. 521(i) filing deadline.
5. The 341 meeting of the creditors was rescheduled until October 25, 2019.
6. Debtor attended the 341 meeting of the creditors on October 25, 2019.
7. The Chapter 13 confirmation hearing was continued until November 19, 2019.

8.  Debtor is current on her Chapter 13 Plan payments. To date, Debtor has made **$21,700.00** (bold emphasis added) in Chapter 13 plan payments (See Exhibit "A").

9.  Debtor wired $6,000.00 for post-petition mortgage payments to Ditech on October 15, 2019 and has made a subsequent payment of $2,000 for the November 2019 payment. Ditech refused to accept a regular monthly mortgage payment in December, 2019 because either the servicer was changed or the note was sold or both.

10. Debtor is unsure if Halliday, Watkins, and Mann represents the current servicer or owner of the note at this time. If HWM law firm no longer provides representation, Debtor requests to be advised of the new law firm representing the new note holder and/or note servicer.

11. Debtor's payments of **$29,700.00** (bold emphasis added) in both plan payments and post-petition regular mortgage payments demonstrate Debtor's substantial good faith.

12. Ditech claims that Debtor's payments violate the anti-modification clause of the bankruptcy code. They do not. Debtor has not asked to modify the interest rate, payment amount, payment terms, or any other terms that would constitute a loan modification.

13. Debtor has simply asked to make a payment as a person who holds legal title interest. Ditech has been unable to cite any case law supporting its position concerning the anti-modification provision. This is because no case law exists that supports Ditech's arguments while case law does exist to support Debtor's arguments.

14. Debtor has standing to catch up the loan balance because as she holds legal title of record to property subject to the Foreclosing Creditor's deed of trust, Debtor will

suffer the loss of its property interests if the property is sold in foreclosure. See Holladay Towne Center, LLC v Brown Family Holdings, 248 P.3d 452, 462, 2011 U.T. 9. Paragraph 43 (2011) ("[P]arties have standing to bring suit if they can identify injury that was caused by defendant and that was redressable by the court.")

15. In a relevant decision, the Tenth Circuit Court of Appeals opinion shows that Debtor Monson has standing to bring this claim. [See D.C. No. 2:10-CV-00340-TS, citation omitted]. The Tenth Circuit opined: "Because Plaintiff is the current owner of the real property, a foreclosure would injure Plaintiff directly. Therefore, Plaintiff also has prudential standing, and we may proceed to the merits."

16. Now that it is clearly established that Debtor has standing, the Court should consider Debtor's **$29,700** in payments as adequate protection for Ditech's successor in interest to continue the Chapter 13 confirmation hearing.

17. Debtor was unable to timely resolve the Chapter 13 trustee's objections because of her health issues.

18. Debtor is currently suffering from fibromyalgia and complications from failed hip surgeries. These severe health issues have prevented her from being able to timely resolve the Chapter 13 trustee's objections in the last 60 days.

19. Debtor's health issues have also prevented her from attending the rescheduled Confirmation hearing on January 9, 2020 at 10:00 AM.

20. Debtor respectfully seeks an order for the Chapter 13 confirmation hearing be rescheduled to allow Debtor to resolve the trustee's objections even though she was unable to attend the confirmation hearing scheduled on January 9, 2020 at 10:00 AM.

WHEREFORE, Pro Se Debtor Marilyn Monson moves the Court for an order allowing a 60-day continuance of the Chapter 13 confirmation hearing.

Dated this 9th day of January, 2020.

*Marilyn R Monson*
Marilyn R. Monson
*Pro Se Debtor*

# EXHIBIT "A"

## Dashboard

### TFS Payment Summary

Edit Bank Account Information
Edit Payment Schedule & Amount

Total Amount Paid
**$17,360.00**

Payment Amount

Payments must be made manually

Your appointed Trustee, **Lon Jenkins** is scheduled to be paid Always Manual Payments

Make a One-Time Payment

Stop All Payments

### Track Your TFS Payments by Email

Did you know that you can receive email notifications when your payment is started, has cleared our system, and has arrived at the trustee? You can mix and match notifications as well! Turn on notifications and always stay up to date about your payments!

Turn on payment notification emails now!

## Frequently Asked Questions

Our support site has answers to some of the most commonly asked questions, including:

How long do payments take to arrive?

What is the difference between pending and scheduled?

Can I use a debit or credit card?

## Upcoming Transactions

| Date | Payee | Type | Amount | TFS Fee | Total | |
|---|---|---|---|---|---|---|
| January 10, 2020 | Lon Jenkins | Manual Debtor Payment | $4,340.00 | $7.99 | $4,347.99 | Cancel |

## Processing Transactions

| Date | Payee | Type | Amount | TFS Fee | Total |
|---|---|---|---|---|---|

There are no processing transactions.

## Recent Transactions

View All Transactions

| Date | Payee | Type | Status | Amount | TFS Fee | Total |
|---|---|---|---|---|---|---|

You currently have no past transactions.